Submitted June 2; conviction for first-degree burglary reversed, remanded for resentencing, otherwise affirmed July 26, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LOLA MARIE PYSHNY,
*Defendant-Appellant.*

Tillamook County Circuit Court
14CR22512; A160950

400 P3d 1039

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and Garrett, Judge, and Duncan, Judge pro tempore.

## PER CURIAM

Defendant appeals the trial court's judgment convicting her of first-degree burglary, ORS 164.225 (Count 1), and harassment, ORS 166.065 (Count 2). On appeal, defendant assigns error to the trial court's denial of her motion for judgment of acquittal on the burglary count, asserting that the state's evidence, which was that she entered her mother's house with permission and then committed the crime of harassment against her sister, was insufficient to establish that, as required for the crime of burglary, she "entered or remained unlawfully" in the house.

In support of her motion for judgment of acquittal, defendant pointed out that the evidence showed that that she had an "absolute and long-standing privilege to enter" her mother's house and defendant argued that the privilege did not automatically terminate upon the commission of a crime. The state did not dispute that defendant's entry into the house was lawful, but argued that her presence became unlawful when she committed the harassment. The trial court denied the motion, and jury convicted defendant of both charged counts.

On appeal, defendant renews the argument that she made in the trial court and relies on *State v. Werner*, 281 Or App 154, 168, 383 P3d 875 (2016), *rev den*, 361 Or 312 (2017), which issued after the trial in this case. In *Werner*, we held that "the commission of a crime does not, in and of itself, convert a lawful entry into an unlawful remaining[.]" The state concedes that, under *Werner*, the trial court erred in denying defendant's motion for judgment of acquittal. We agree with the parties that the trial court erred, and, therefore, we reverse defendant's burglary conviction.

Conviction for first-degree burglary reversed; remanded for resentencing; otherwise affirmed.